

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL RAY THOMAS,

Defendant.

Case No.  15-1870M

ORDER OF DETENTION

On October 7,  2015, Defendant appeared before the Court for initial appearance following his arrest for charges in an indictment issued from the District of Kansas.   A detention hearing was continued to October 9, 2015.

The Court conducted a detention hearing on October 9,  2015.  The Court has reviewed the updated Pretrial Services report in which certain corrections to the original report were  noted. Pretrial Services continues to recommend release on bond with conditions; The government continues to request detention  in this matter.

☒     On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒     On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

the Court finds that the defendant has not rebutted the § 3142(e)(2) presumption by sufficient evidence to the contrary.

III.

The Court has reviewed the indictment and notes the seriousness of the charges alleged which include trafficking in significant amounts of heroin over a period of time beginning in 2011 and continuing through March 2014.

The Court notes that the government has proffered that the defendant was involved in the distribution of approximately 37 kilograms of heroin and handled

over $1 million in proceeds from the trafficking.    These allegations pose a particular concern for both flight risk and danger.

In addition to the nature of the charges, the defendant has a criminal history which gives the Court pause in granting bail in this matter.    According to the Pretrial Services Report, defendant sustained a 1986 conviction for robbery for which he was sentenced to five years  imprisonment.  Following this conviction, defendant sustained the following additional convictions: a 1990 conviction for possession of a sawed off machine gun, a misdemeanor battery conviction based on a hit and run incident in 2004,   and a perjury conviction in 2009, which according to the defendant, was based on the defendant's use of aliases and multiple identifications.

The Pretrial Services Report notes that defendant has used seven name variations and aliases, three different dates of birth and has three California driver's licenses.    The Government has proffered that during a search of defendant's residence, following his arrest in this matter, California Driver's licenses in the name of Michael Anton were found. According to the government, Michael Anton is the name of a deceased person and is an alias that defendant is believed to have used.   The Court notes that the indictment lists, as items of forfeiture, at least two vehicles that are registered in the name of Michael Anton and believed to belong to the defendant.    Defendant's continued possession of

3

identification in a name other than his true name and his alleged ownership of vehicles registered in a name other than his true name suggest that, notwithstanding his conviction for perjury and the 36-month probationary sentence imposed for that conviction, defendant continues to use aliases, which the Court views as an indicator of flight risk.

The court is mindful of defendant's ties to the community and the support of his family and girlfriend and appreciates that many of them are here today to demonstrate their support for him.   The court has also taken into account the defendant's offer to have his longtime friend, cousin and pastor post a $200,000 bond secured by property in order to secure defendant's release on bail. However, given the seriousness of the charges that are pending, the defendant's criminal history, and defendant's use of aliases, the Court finds that defendant has not rebutted the presumption that applies in this case 18 U.S.C. § 3142(e)(2) by sufficient evidence to the contrary.

Having carefully considered the factors in 18 USC 3142(g), and listened to the evidence presented at this hearing and the arguments of counsel, the Court orders that defendant be detained until trial.

IV

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒      Lack of SUFFICIENT bail resources

☒      Unrebutted presumption [18 U.S.C. § 3142(e)(2)]

☒      Defendant's use of seven variations of his name, and aliases, three dates of birth and three driver's licenses.

As to danger to the community:

☒      Nature of previous criminal convictions

☒      Allegations in present charging document

☒      Unrebutted presumption [18 U.S.C. § 3142(e)(2)]

☒      Defendant owns or works at a place of business where THREE firearms were found including TWO loaded firearms.

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel.  On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

The U.S. Marshal will transport Defendant to the district of Kansas as soon as practicable to answer to the charges in the indictment.

Dated: October 9, 2015          _____/s/_____
                                HON. ALKA SAGAR
                                UNITED STATES MAGISTRATE JUDGE

6